IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALPHONSO V. FRAZIER II,

                Plaintiff,

vs.

CITY OF OMAHA,

                Defendant.

8:23-CV-528

MEMORANDUM AND ORDER

    The plaintiff, Alphonso Frazier, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. SUMMARY OF COMPLAINT

    In October 2020, the plaintiff was involved in a traffic stop initiated by three Omaha police officers. Filing 1 at 4. The plaintiff alleges he was stopped "for no reason other than the color of his skin." Filing 1 at 4. He alleges that he was arrested and and detained for six months, without probable cause. The plaintiff alleges that he was never charged with a crime. Filing 2 at 5.

## II. STANDARD OF REVIEW

    "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

The plaintiff brings this suit under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights. He asserts that he suffered "an unlawful arrest and false imprisonment" from the police officers' conduct that was "driven by evil motive and intent to cause harm." Filing 1 at 5.

2

*City of Omaha*

Section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A municipality may only be liable under § 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

A written policy that is facially constitutional does not itself give rise to municipal liability, even if it fails to give detailed guidance that might have averted a constitutional violation by an employee. *Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 392 (8th Cir. 2007). Municipal liability attaches to a facially constitutional policy only if a city's inaction reflects a deliberate indifference to the constitutional rights of the citizenry, such that inadequate training or supervision actually represents the city's "policy." *Id.* However, a single pled incident is insufficient to establish an unconstitutional policy or custom. *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (citing *Ouzts v. Cummins*, 825 F.2d 1276, 1278 (8th Cir. 1987)).

The plaintiff asserts that the City of Omaha had a "custom or informal policy" that led to "repeated constitutional violations for which the municipality did not punish the officers." Filing 1 at 4. He alleges that the Omaha Police Department has a custom or practice of "Biased Policing, Racial Profiling, Discrimination, and Disparate Treatment." Filing 1 at 4. The plaintiff also attached a portion of the City of Omaha Police Department Handbook to his complaint. Filing 1 at 8-9.

The plaintiff's allegations are largely conclusory. His complaint lacks any specific facts, beyond the date, time, and location, of what occurred when

3

he was stopped by certain police officers. His nonspecific accusations of racial profiling, without any context of what actually happened during the traffic stop or other incidents making up "repeated constitutional violations," are too vague to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555 (Rule 8 does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The portion of the police handbook provided by the plaintiff includes facially constitutional policies, which expressly prohibit the conduct the plaintiff alleges occurred: arrests that lack probable cause and "Biased Policing and Discriminatory Practices." Filing 1 at 8-9. His single pled instance of allegedly unconstitutional behavior from some police officers is insufficient to establish an unlawful municipal policy or custom. *See City of Norfolk*, 340 F.3d at 614.

### *Individual Officers*

Liberally construed, the plaintiff asserts claims against the individual police officers involved in the traffic stop, although they are not named as defendants. *See Harrison v. Lancaster Cnty. Sheriff Dep't*, No. 4:17-cv-3042, 2017 WL 1682779, at *3 (D. Neb. May 1, 2017); *Miller v. Hedrick*, 140 F. App'x 640, 641 (8th Cir. 2005). However, as described above, the plaintiff's terse complaint lacks any particular allegations about what actually happened during the October 2020 traffic stop. There is not enough detail to put these defendants on notice of what behavior is being challenged. The plaintiff has failed to state a claim as to these defendants.

### IV. CONCLUSION

The plaintiff's complaint lacks enough factual allegations to "nudge" his complaint across the line from conceivable to plausible. *See Twombly*, 550 U.S.

4

569-70; *Harrison,* 2017 WL 1682779, at *3. His complaint merely "tenders 'naked assertions' devoid of 'further factual development.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). This action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2).

On its own motion, the Court will provide the plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. The plaintiff shall file his amended complaint no later than July 11, 2025. Otherwise, this action will be dismissed. Accordingly,

IT IS ORDERED:

1. The plaintiff shall have until <u>July 11, 2025</u>, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to the plaintiff. In the amended complaint, the plaintiff must comply with federal pleading requirements.

2. In the event the plaintiff files an amended complaint, the plaintiff shall restate the relevant allegations of the complaint, filing 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. The plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleading.

3. The plaintiff is advised that following the filing of his amended complaint, the next step in this case will be for the Court to conduct an initial review of the plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. 1915(e)(2). The Court will conduct this review in its normal course of business.

4. Should the plaintiff require more time to comply with this Order, he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

5. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: July 11, 2025: check for amended complaint.

Dated this 11th day of June, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge