IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO V. FRAZIER II,<br><br>                Plaintiff,<br><br>vs.<br><br>MEEKO SPAINHOWER; DEIGNAN THOMAS; AND CHARLES SWEENEY, in their individual capacities,<br><br>                Defendants. | 8:23-CV-528<br><br>MEMORANDUM AND ORDER |

The plaintiff, Alphonso Frazier, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's amended complaint, filing 10, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The plaintiff is seeking relief under 42 U.S.C. § 1983 for alleged violations of his Fourth, Eighth, and Fourteenth Amendment rights. Filing 10 at 1. He summarily asserts that he was involved in a racially motivated traffic stop, and the police officer's supervisors failed to take steps to stop the racial profiling. *See* filing 10 at 1.

In its initial review, filing 9, of the plaintiff's original complaint, filing 1, the Court determined that the plaintiff failed to provide facts that were specific enough to state a claim for relief. The Court ruled that the plaintiff's "nonspecific accusations of racial profiling, without any context of what actually happened

during the traffic stop . . . are too vague to state a claim upon which relief can be granted." Filing 9 at 4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The amended complaint, while naming the particular officers involved in the incidents, similarly fails to provide any context about what happened when the plaintiff was stopped by police.

The plaintiff's amended complaint asserts that his constitutional rights were violated, but those are legal conclusions, not factual allegations. Filing 10 at 2. Legal conclusions do not state a claim for relief. *Twombly*, 550 U.S. at 555. The plaintiff alleges that he was involved in a traffic stop on October 15, 2020. Construing the complaint liberally, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014), the plaintiff is not white (though he does not plead as much), and he was stopped by Omaha police (though he failed to plead that the defendants were employees of the Omaha Police Department).

However, just because a person is not white and is involved in a traffic stop does not give rise to a constitutional violation. The facts in the plaintiff's complaint, standing alone, do not explain why the plaintiff believed he was racially profiled. He does not provide any allegations about what occurred on October 20, 2020, other than the fact that he was stopped by the police.

The plaintiff failed to provide the additional facts requested by the Court. *See* filing 9. The amended complaint therefore fails to state a claim that the plaintiff's constitutional rights were violated. The plaintiff's lawsuit is subject to summary dismissal under 28 U.S.C. § 1915(e).

The plaintiff also filed a motion to proceed in forma pauperis. Filing 11. The Court previously granted his earlier motion, filing 7, so the pending motion is moot. To the extent the plaintiff seeks permission to appeal in forma pauperis, he has not yet filed an appeal. The motion will be denied without prejudice.

Accordingly,

2

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. The plaintiff's motion for leave to proceed in forma pauperis (filing 11) is denied without prejudice.

3. A separate judgment will be entered.

Dated this 14th day of July, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

3